## *In re* JAMES BROWN.

HABEAS CORPUS.   BEFORE DOLE, J.

NOVEMBER, 1888.

Petitioner was arrested upon a warrant at request of his Consul, as a
deserter from a vessel; the warrant was not served till after the
vessel had left port, and therefore the Consul requested his re-
lease:

Held, the deserter could only be held upon the Consul's request: and
the Consul having requested that he should not be held, all pro-
ceedings under the warrant are terminated, and the man must be
released.

DECISION OF DOLE, J.

The petitioner was the cook of the German bark Printzenberg,
which was in the port of Honolulu on the 22d day of August,
A.D. 1888.   On that day the German Consul signed a request to
the Marshal for his arrest as a deserter, which request was coun-
tersigned by the Captain of the Printzenberg.   This document
appears to have been in the possession of the Marshal for some
time without being served.   Some time before the 5th day of
October, and after the Printzenberg had gone to sea, the peti-
tioner was arrested under the charge of unlawfully landing in
the Hawaiian Islands, being a Chinaman, and on the said 5th
day of October, after due proceedings, was acquitted of the said
offense, whereupon he was immediately arrested as a deserter
from the Printzenberg by virtue of the aforesaid Consular
request.   His counsel immediately applied to the Consul, who
personally informed the police authorities that he did not wish
the prisoner to be taken in custody upon his former request,
and that he did not now wish to hold him.   The police authori-
ties, however, retained the petitioner in custody, and the same
day made a written demand on Hop Sing & Co., the agents of
the Printzenberg, that he should be sent out of the country in
accordance with Section 625 of the Civil Code.   On the 6th day
of October Hop Sing & Co. replied, declining to act in the
matter.   The petitioner remained in custody, and applied for a

writ of *habeas corpus* against the Marshal on the 1st day of November, which was issued the same day, and made returnable November 2d. At the hearing the respondent produced the petitioner, and in his return admitted the restraint, and referred to the said Consular request, the said correspondence, Sections 625 and 626 of the Civil Code, and the German Treaty, as his authority.

From the foregoing statement of the case, it is clear that the petitioner was arrested solely by virtue of the Consular request referred to. Article 23 of the German Treaty is as follows:

"Article 23. Consuls-General, Consuls, Vice-Consuls or Consular Agents may arrest the officers, sailors, and all other persons making part of the crews of the ships of war or merchant vessels of their nation, who may be guilty or accused of having deserted said ships and vessels, for the purpose of sending them on board or back to their country. To that end the Consuls of Germany in the Hawaiian Islands shall apply to the authorities, and the Consuls of the Hawaiian Islands in Germany shall apply to any of the competent authorities and make a request in writing for the deserter, supporting it by an official extract of the register of the vessel and the list of the crew, or by other official documents, to show that the men whom they claim belong to said crew. Upon such request alone thus supported, and without the exaction of any oath from the Consuls, the deserters (not being citizens of the country where the demand is made, either at the time of their shipping or of their arrival in port, or accused of or under conviction for any crime or offense), shall be given up to the Consuls. All aid and protection shall be furnished them for the pursuit, seizure and arrest of the deserters, who shall be taken to the prisons of the country and there detained at the request and expense of the Consuls, until the said Consuls may find an opportunity of sending them away. If, however, such opportunity should not present itself within the space of six months, counting from the day of the arrest, the deserters shall be set at liberty, and shall not again be arrested for the same cause."

45

By this we find that upon such arrest of deserters, they "shall be taken to the prisons of the country, and there detained at the request and expense of the Consuls, until such Consuls may find an opportunity of sending them away." This undoubtedly means that such deserters shall be detained if the Consul should request such detention, not in spite of the Consul's expressed wish to the contrary.

In the case before me, the petitioner was arrested under a Consular warrant more than six weeks old; the arrest was immediately followed by the request of the Consul that the man should not be held in custody under his warrant. The statutory provisions referred to in the return do not appear to apply to a case like this, where a deserter is arrested by the warrant of the German Consul under a treaty of a later date than the statute.

It is my opinion that the request of the Consul, that the prisoner should not be held in custody under his warrant, terminates all proceedings against him under the said warrant. I therefore find that no legal cause for the restraint has been shown, and order that the petitioner be discharged, and that costs be remitted.

*V. V. Ashford,* for the petitioner.

*C. W. Ashford* (Attorney-General), for the respondent.

Honolulu, November 3, 1888.